UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GEORGIA GIANNOS,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **V.** ) | |
| ) | **TRIAL BY JURY DEMANDED.** |
| **MEDLINE INDUSTRIES, INC.,** ) | |
| ) | |
| **DEFENDANT** ) | |

## COMPLAINT

NOW COMES the Plaintiff, GEORGIA GIANNOS, by and through her attorneys, SYREGELAS & KASMARICK LLC, and complaining of DEFENDANT MEDLINE INDUSTRIES, INC., for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/1-101 et seq. alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court under 28 U.S.C. § 1391 because the parties reside in this District, and the unlawful practices complained of occurred within this District.

### PARTIES

4. Plaintiff is a resident of Northbrook, Illinois. At all relevant times she was a nonexempt employee of Defendant within the meaning of 42 U.S.C. § 2000e(f) and 775 ILCS 5/2-

101(A). Between on or about February 5, 2018 and the end of February, 2019, Plaintiff was employed by Defendant as a full-time Payroll Specialist.

5. Defendant is an Illinois Corporation with its corporate headquarters located at Three Lakes Drive, Northfield, Illinois. Defendant is a "person" within the meaning of 42 U.S.C. § 2000e(a), as well as an "employer" within the meaning of 42 U.S.C. § 2000e(b) and 775 ILCS 5/2-101(B).

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. On March 11, 2019, Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that Defendant engaged in sex (pregnancy) discrimination.

7. This charge was cross-filed with the Illinois Department of Human Rights ("IDHR").

8. On March 21, 2019, the EEOC issued a Notice of Right to Sue. (Attached hereto as Exhibit 1).

9. Plaintiff has forwarded the EEOC's Notice of Right to Sue to IDHR and requested that IDHR issue its finding, which request is pending.

## FACTS GIVING RISE TO THIS ACTION

10. Defendant hired Plaintiff on or about February 5, 2018 as a full-time Payroll Specialist.

11. At all relevant times, Plaintiff performed her job responsibilities to the satisfaction of Defendant. Plaintiff's job performance met or exceeded Defendant's expectations and Defendant never informed Plaintiff that her job performance was ever in any way deficient.

12. In or about September, 2018, Defendant advertised a job opening for a Payroll Supervisor. This position would have been a promotion from Payroll Specialist and would have resulted in increased compensation and benefits.

13. Plaintiff met all the qualifications for the Payroll Supervisor position.

14. Before applying for the Payroll Supervisor position, Plaintiff spoke with her supervisor Neil Koplitz, who was Defendant's Director of Payroll Operations, about the job opening. During this discussion Mr. Koplitz acknowledged that Plaintiff was a qualified candidate for the Payroll Supervisor position but informed Plaintiff she would not be interviewed or even considered for the opening because of the fact Plaintiff was pregnant and would soon miss work when she gave birth. Mr. Klopitz referred to this as "bad timing."

15. Despite Mr. Koplitz discriminatory statements, Plaintiff formally applied for the Payroll Supervisor position on or about October 3, 2018.

16. On October 11, 2018, Plaintiff sent an email to Jonathan Moe, one of Defendant's Lead Recruiters and part of its Human Resources Department, to follow-up on her application. Rather than replying to Plaintiff, Mr. Moe forwarded her email to Mr. Koplitz with the message "FYI - see below, Georgia reached out today…"

17. Mr. Koplitz then replied to Plaintiff and referencing his prior discriminatory statements to Plaintiff that she would not be considered due to her pregnancy stated, "As per our discussion, we will not be moving forward with your application at this point in time. Please feel free to apply for the next opening in the department /Medline."

18. Ultimately, the individual hired by Defendant to fill the Payroll Supervisor position was less qualified than Plaintiff but on information and belief was not pregnant or expected to miss time from work as a result of giving birth.

## COUNT I
## Title VII, 42 U.S.C. §§ 2000e-2(a), 2000e(k)
## Disparate Treatment Because of Sex (Pregnancy)

19. Plaintiff realleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

20. Defendant discriminated against Plaintiff based on her sex, and because of her pregnancy, in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act, by treating her differently for employment-related purposes then similarly situated non-pregnant workers.

21. Defendant discriminated against Plaintiff based on her sex, and because of her pregnancy, by refusing to consider her application for the Payroll Supervisor position, interview her or offer her the same in favor of a less qualified, non-pregnant individuals.

22. As a result of Defendant's unlawful sex discrimination, Plaintiff suffered significant monetary loss, including loss of earnings and other benefits.

23. As a result of Defendant's unlawful sex discrimination, Plaintiff suffered emotional pain, suffering, and other nonpecuniary losses.

## COUNT II
## IHRA, 775 ILCS 5/2-102
## Disparate Treatment Because of Pregnancy

24. Plaintiff realleges and incorporates by reference, as if fully set forth herein, each and every allegation of this Complaint.

25. Defendant discriminated against Plaintiff based on her pregnancy, childbirth, or medical or common condition related to pregnancy or childbirth, in violation of the IHRA, which provides that pregnant workers "shall be treated the same for all employment- related purposes . .

. as other persons not so affected but similar in their ability or inability to work, regardless of the source of the inability to work." 775 ILCS 5/2-102(I).

26. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff suffered significant monetary loss, including loss of earnings and other benefits.

27. As a result of Defendant's unlawful pregnancy discrimination, Plaintiff suffered emotional pain, suffering, and other nonpecuniary losses.

## PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff Georgia Giannos respectfully requests that the Court grant the following relief:

A. Award compensatory damages for Plaintiff's loss of income and benefits;

B. Award compensatory damages, including for Plainitff's emotional distress;

C. Award pre-judgment and post-judgment interest at the highest lawful rate;

D. Award costs incurred, including reasonable attorneys' fees to the extent allowable by law; and

E. Award such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on the matters alleged herein.

Respectfully submitted,

Kyle R. Kasmarick

Syregelas & Kasmarick LLC
19 North Green Street
Chicago, Illinois 60607
312.243.0900
312.243.0901 (fax)
kkasmarick@syregelaslaw.com
Atty No. 6296887

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Georgia Giannos<br>3539 Prestwick Lane<br>Northbrook, IL 60062 | From: | Chicago District Office<br>500 West Madison Street, #2000<br>Chicago, IL 60661 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2019-02488 | Kimberly M. Engram, Investigator | (312) 869-8035 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Julianne Bowman,
District Director

3/21/19
(Date Mailed)

Enclosures(s)

cc: Alan Satyr, VP of HR
MEDLINE INDUSTRIES, INC.
1 Three Lakes Drive
Northfield, IL 60093

**EXHIBIT 1**